# STATE OF MICHIGAN

# COURT OF APPEALS

In re WEBB, Minors.

UNPUBLISHED
November 3, 2016

No. 332729
Wayne Circuit Court
Family Division
LC No. 15-521285-NA

Before: STEPHENS, P.J., and SAAD and METER, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order terminating her parental rights to her two minor children, IW and AW, under MCL 712A.19b(3)(b)(*i*) (parent's act caused physical injury or physical abuse to child or sibling, and there is a reasonable likelihood of injury or abuse if child is returned to the parent), (g) (failure to provide proper care or custody and no reasonable expectation of proper care and custody within a reasonable time), (j) (reasonable likelihood that child will be harmed if returned to parent), and (k)(*v*) (parent abused child or a sibling, causing life-threatening injury). We affirm.

## I. FACTUAL BACKGROUND

This case arose out of respondent's neglect and failure to protect her minor children, AJ, IW, and AW. On or about September 5, 2015, Child Protective Services (CPS) received a complaint that respondent was homeless and living in an "unsuitable and unhealthy" environment with her children. CPS worker Loria Henry was assigned to the case. Henry made an unsuccessful attempt to contact respondent with regard to the complaint against her, but before Henry was able to make contact with respondent, CPS received a second complaint against respondent, on September 8, 2015. The complaint alleged that respondent had given birth to AJ on September 6, 2015, and that he tested positive for marijuana at his birth.

That same day, September 8, 2015, Henry investigated the home of respondent's step-father, JT, because she learned that respondent was residing with JT at the time. Henry investigated the home and found it to be in deplorable condition. Specifically, Henry observed that the home was "filthy [and] cluttered," and there was a "non-working refrigerator, infestation of cockroaches," and possible bedbugs. Henry also observed that there were no beds for respondent's older children, and that IW and AW had visible scars on their legs and arms, purportedly from bug bites. Henry advised respondent to find suitable housing for her children and referred respondent to services.

-1-

Despite Henry's recommendations, respondent failed to move her children into a safe environment, and on October 10, 2015, Henry was notified that AJ was found deceased in the home of respondent's aunt, NW. AJ died of asphyxiation after sleeping in an unsafe sleeping environment. Following AJ's death, Henry investigated NW's home. Henry observed holes in the walls, damaged furniture, leaking pipes, electrical cords running throughout the home, "indicating that there was no legal electricity," and "garbage bags lining the toilets because there was no running water in the home." There were fleas "swarming everywhere," old bottles, dirty diapers, liquor bottles that were accessible to the children, and "trash strewn [throughout] the home."

On November 18, 2015, petitioner, the Department of Health and Human Services (DHHS), filed a petition seeking the termination of respondent's parental rights on the basis of an unfit home, improper supervision, and abuse (i.e., a drug-exposed infant). Ultimately, after the adjudication hearing, the trial court found termination proper under MCL 712A.19b(3)(b)(*i*), (g), (j), and (k)(*v*), and in the children's best interests.

## II. STATUTORY GROUNDS

Respondent contends the trial court erred in concluding that termination of her parental rights was based on proper statutory grounds.

We review a trial court's factual findings for clear error "as well as its ultimate determination that a statutory ground for termination of parental rights has been proved by clear and convincing evidence." *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010); see also MCR 3.977(K). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re Moss*, 301 Mich App 76, 80; 836 NW2d 182 (2013) (quotation marks and citation omitted).

The trial court found by clear and convincing evidence under MCL 712A.19b(3)(b)(*i*), (g), (j), and (k)(*v*) that termination of respondent's parental rights was warranted. In relevant part, MCL 712A.19b(3) authorizes a court to terminate parental rights under any one of the following circumstances:

> (b) The child or a sibling of the child has suffered physical injury or physical or sexual abuse under 1 or more of the following circumstances:

> (*i*) The parent's act caused the physical injury or physical or sexual abuse and the court finds that there is a reasonable likelihood that the child will suffer from injury or abuse in the foreseeable future if placed in the parent's home.

> * * *

> (g) The parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

* * *

(j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

(k) The parent abused the child or a sibling of the child and the abuse included 1 or more of the following:

* * *

(*v*) Life-threatening injury.

"Only one statutory ground need be established by clear and convincing evidence to terminate a respondent's parental rights, even if the court erroneously found sufficient evidence under other statutory grounds." *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011).

The trial court did not clearly err because sufficient proof existed to terminate respondent's parental rights. Respondent emphasizes that her parental rights should not have been terminated because of an isolated incident involving the accidental death of AJ. More specifically, respondent contends that there was insufficient evidence of physical injury or neglect regarding IW and AW, which made the termination of her parental rights improper. However, respondent's argument lacks merit. First, we note the plain language of MCL 712A.19b(3)(b)(*i*). MCL 712A.19b(3)(b)(*i*) states that termination may be proper if "[t]he child or a *sibling of the child* has suffered physical injury . . . ." (Emphasis added.) A "sibling" is defined as someone who has one or both parents in common. *In re Hudson*, 294 Mich App 261, 265-266; 817 NW2d 115 (2011).

It is clear that respondent was the mother of all three children, which made AJ a sibling of IW and AW. Moreover, it is evident that AJ suffered physical injury while in respondent's care. Respondent admitted that she was advised of safe sleep practices and, despite these warnings, she slept with AJ in an unsafe sleep environment. Namely, respondent slept on an inflatable air mattress with AJ, IW, and AW. The safe sleep instructions given to respondent after AJ's birth explicitly stated that infants are not to sleep on adult beds, and that infants should not sleep with other children because it increases the risk of suffocation. Thus, it is clear that respondent's act caused AJ to suffer physical injury. See MCL 712A.19b(3)(b)(*i*).

Respondent argues that there was no reasonable likelihood that IW and AW were in danger of suffering the same type of injury because the type of injury AJ suffered was unique to infants. However, "[e]vidence of how a parent treats one child is evidence of how he or she may treat the other children." *In re Hudson*, 294 Mich App at 266. The record reveals that respondent ignored the basic needs of *all* of her children and subjected them to homes infested with insects and with no running water, legal electricity, or proper beds. Thus, it was appropriate for the trial court to evaluate the potential risk of harm to respondent's surviving children, IW and AW, considering her purposeful neglect of their basic needs. Accordingly, the trial court properly concluded that termination was proper under MCL 712A.19b(3)(b)(*i*).

With respect to subsection (3)(g), clear and convincing evidence was presented that established respondent's failure to provide proper care or custody for her children and that there was no reasonable expectation that she would do so within a reasonable time. Termination is proper under MCL 712A.19b(3)(g) when a respondent has made no progress toward finding adequate housing for the children and is not likely to do so in the foreseeable future. See, generally, *In re LE*, 278 Mich App 1, 27-28; 747 NW2d 883 (2008). Further, a parent's failure to participate in and benefit from a service plan is evidence of the parent's inability to provide proper care and custody. *In re White*, 303 Mich App 701, 710; 846 NW2d 61 (2014).

Ample evidence was presented demonstrating respondent's unwillingness to obtain safe and suitable housing for her children. Despite Henry's recommendation that respondent move in with her grandmother, AW, whose home was deemed safe, respondent chose to place her children in unsafe living conditions. Specifically, respondent placed her children in a home with no legal electricity or running water, a "filthy" mattress, and swarming fleas. Additionally, AJ died because of respondent's failure to adhere to the recommendations of CPS and the hospital. Even though respondent claims that she is now living in AW's home and could provide a safe and suitable living environment for the children, Henry testified that AW's husband admitted to her that respondent was not actually staying at their home. Additionally, while this case was still pending, respondent arrived at a supervised visit with her children smelling of marijuana and alcohol. Considering all the evidence, the trial court did not clearly err in concluding that respondent would be unable to provide her children with proper care and custody within a reasonable time. MCL 712A.19b(3)(g).

With respect to subsection (3)(j), clear and convincing evidence supported the trial court's finding that returning the children to respondent would result in a reasonable likelihood of harm. For purposes of MCL 712A.19b(3)(j), "harm" includes both physical and emotional harm. *In re Hudson*, 294 Mich App at 268. Emotional harm may include the deprivation of a normal childhood home. *Id*. Evidence of respondent's failure to protect her children from injury and failure to obtain and maintain suitable housing for her children was sufficient to demonstrate a likelihood of harm.[1]

## III. BEST INTERESTS DETERMINATION

Respondent also contends that the trial court erred in finding that termination was in the children's best interests. We disagree.

After the establishment of statutory grounds, a trial court must order the termination of a parent's parental rights if it finds by a preponderance of the evidence that termination is in the child's best interests. MCL 712A.19b(5); *In re Moss*, 301 Mich App at 83. We review for clear error a trial court's decision that termination is in the child's best interests. *In re White*, 303 Mich App at 713.

---

[1] Given our analysis and conclusions, we need not address the court's finding under MCL 712A.19b(3)(k)(*v*). *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011).

"The trial court should weigh all the evidence available to determine the children's best interests." *Id.* In doing so, the trial court "should consider a wide variety of factors that may include the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *Id.* (quotation marks and citations omitted). Additionally, evidence of a parent's involvement with domestic violence, *In re Jones*, 286 Mich App 126, 131; 777 NW2d 728 (2009), substance abuse problem, *In re AH*, 245 Mich App 77, 89; 627 NW2d 33 (2001), and abuse of a child, *In re Powers Minors*, 244 Mich App 111, 120; 624 NW2d 472 (2000), may be considered in determining a child's best interests. In making this determination, a court's focus is on the child rather than the parent. *In re Moss*, 301 Mich App at 88. When there are multiple children involved, a trial court need only address the best interest of each child individually if their interests are significantly different. *In re White*, 303 Mich App at 715-716.

Considering the evidence presented, we are not persuaded by respondent's contention that the trial court erred in concluding that termination of her parental rights was in the best interests of the children because she was bonded with the children and they were placed in the care of their father. Respondent failed to remove her children from unsafe and unsanitary conditions despite the opportunity and recommendation to do so, which resulted in the death of AJ. Evidence also revealed that AJ tested positive for marijuana at his birth. Respondent admitted to smoking marijuana recreationally and while she was pregnant with AJ. Respondent attended a few substance abuse sessions, but she did so on an inconsistent basis and admitted that she was only attending the sessions because she wanted her kids back, not because she recognized that she had a problem. Additionally, while the proceedings were still pending, she appeared at a supervised visit with her children smelling of alcohol and marijuana. Moreover, evidence was presented of respondent's perpetration of domestic violence.

Based on respondent's failure to obtain and maintain safe and suitable housing for her children, substance abuse history, domestic violence history, and abuse and neglect of her children, the trial court properly concluded that termination of respondent's parental rights was in the best interests of her children. Even though a child's placement with a relative weighs against termination, *In re Olive/Metts Minors*, 297 Mich App 35, 43; 823 NW2d 144 (2012), it is only one factor to consider, and the placement of IW and AW in their father's care was not enough to overcome the evidence weighing in favor of termination. Additionally, the trial court properly considered the relative placement on the record. There no evidence of an apparent mistake from the record, and the evidence supported the trial court's finding that termination of respondent's parental rights was in the children's best interests. See *In re Mason*, 486 Mich at 152.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Henry William Saad
/s/ Patrick M. Meter